UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| INTAMIN AMUSEMENT RIDES INT. CORP. EST., <br><br> Plaintiff, <br><br> v. <br><br> US THRILLRIDES, LLC and POLERCOASTER, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § Case No. 6:20-cv-713 <br> § <br> § <br> § <br> § <br> § <br> § |

# COMPLAINT

Plaintiff Intamin Amusement Rides Int. Corp. Est. ("IAR Liechtenstein") brings this action against defendants US Thrillrides, LLC ("USTR") and Polercoaster, LLC ("Polercoaster") (collectively, "Defendants") seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201, *et seq.*, to enjoin Defendants from pursuing the arbitration claims against IAR Liechtenstein that they have brought before the American Arbitration Association ("AAA") because IAR Liechtenstein is not a party to any agreement with Defendants in which they agreed to arbitrate disputes between them.

## THE PARTIES

1. On information and belief, defendant USTR was at all relevant times a limited liability company with its principal place of business in Orange County, Florida.

2. On information and belief, defendant Polercoaster was at all relevant times a limited liability company with its principal place of business in Orange County, Florida.

3. Plaintiff IAR Liechtenstein is, and at all relevant times was, a foreign corporation organized under the laws of Liechtenstein. Its sole place of business is in Liechtenstein and it has no offices, officers or employees in the United States of America.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). IAR Liechtenstein is a foreign entity and Defendants are Florida citizens. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201 because an actual and justiciable controversy exists between IAR Liechtenstein and Defendants.

5. Defendants are subject to personal jurisdiction in this District because they reside in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

A. **The CNDA between defendants USTR, Polercoaster and Kitchen, on the one hand, and plaintiff IAR Liechtenstein, on the other hand.**

7. On January 15, 2015, Defendants and their owner, Bill Kitchen, on the one hand, and IAR Liechtenstein, on the other hand, entered into a three-page Confidentiality and Non-Disclosure Agreement ("CNDA"). The CNDA is attached to this complaint as Exhibit A.

8. As explained in the CNDA's introduction, the parties entered into the CNDA in contemplation of a "possible business transaction."

9. The CNDA states that it "constitutes the entire understanding between [the parties] with respect to the subject matter indicated above and supersedes any previous oral or written agreement. Its terms may not be changed or amended except by an instrument in writing."

10. The CNDA does *not* contain an arbitration clause.

11. After entering the CNDA, the parties never reached a further agreement as contemplated by the CNDA. The CNDA states that it is to "automatically terminate at the end of two years," and by its terms it automatically terminated on January 15, 2017.

## B. The MIPA between defendant Polercoaster, on the one hand, and non-party International Amusements, on the other hand.

12. Non-party International Amusements LLC dba International Amusements Inc. ("International Amusements") is a Texas limited liability company. It is organized under the laws of Texas, with its sole place of business in Texas. It is a distinct and separate legal entity from IAR Liechtenstein.

13. On May 28, 2015, defendant Polercoaster and non-party International Amusements entered into a Master Intellectual Property Agreement ("MIPA"). The MIPA is attached to this complaint as Exhibit B.

14. The recitals to the MIPA show that it was "made and entered into" by only Polercoaster on the one hand, and International Amusements on the other hand. The two entities are the only signatories and parties to the MIPA. Section 12.9 of the MIPA provides that it "will be binding upon the contracting parties, their successors and permitted allowed assignees."

15. The recitals of the MIPA state that International Amusements is engaged in providing various services for the purpose of building and operating a PolerCoaster amusement ride:

> [International Amusements] is engaged in the business of providing engineering services, manufacturing services, construction services, installation services and/or consulting services for the purpose of building and/or operating a POLERCOASTER amusement ride ("Services") as defined herein. [International Amusements] possesses

certain experience and skills that can be applied to assist POLERCOASTER in developing, refining, testing, marketing, selling, operating or otherwise capitalizing upon its products and services.

16. Section 2.1 of the MIPA limits the geographic scope of services under the MIPA to "various locations in the United States."

17. Section 12.3 of the MIPA provides its governing law and venue terms:

> This Agreement, and all questions relating to its validity, interpretation, performance and enforcement (including, without limitation, provisions concerning limitations of action), shall be governed by and construed in accordance with the laws of the State of Florida (exclusive of the conflict of law provisions thereof), and venue for any legal action shall be in the federal and state courts of Orange County, Florida, subject to the arbitration requirements of Section 12.5, below. THE PARTIES EXPRESSLY WAIVE ANY OBJECTION AND RIGHT TO CONTEST SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION, AND VENUE.

18. Section 12.5 of the MIPA contains the arbitration provision:

> 12.5.1. Any dispute, controversy or claim arising out of or relating to this Agreement or the interpretation, breach, termination or validity thereof, other than those for which injunctive relief or specific performance is appropriate and is actually being sought in good faith, shall be finally settled in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "AAA") then obtaining, by a panel of three (3) arbitrators. Each party shall have the right to appoint one (1) arbitrator from the list of arbitrators supplied to the parties by the AAA, and the two (2) arbitrators so appointed shall appoint the third. The parties may agree to a single

> arbitrator in lieu of a panel of three arbitrators.
>
> 12.5.2.  The place of arbitration shall be Orlando, Florida, U.S.A. and each party hereto irrevocably consents and submits to the exclusive jurisdiction of such arbitration panel in such venue.  The language of the arbitration shall be in English.  The parties agree that the award of the arbitrators shall be the sole and exclusive remedy between them regarding any claims, counterclaims, issues or accountings presented or pled to the arbitrators . . . .  The arbitrators shall have the right to award reasonable costs and expenses of enforcement, reasonable attorneys' fees and costs and interest as provided in Section 12.6 below.

The MIPA's inclusion at subsection 12.5.2 of the language "*each party hereto irrevocably consents*" makes clear that the arbitration clause is binding on only the parties entering into the MIPA.  Only Polercoaster and International Amusements contracted to arbitrate disputes "arising out of or relating to" the MIPA because they are its only signatories.

19.     IAR Liechtenstein is not a signatory to the MIPA and never agreed in writing or otherwise to be bound by any of its provisions.

20.     IAR Liechtenstein was not a contracting party to the MIPA, is not a successor to International Amusements, and is not an assignee with respect to any of International Amusements' rights under the MIPA.

21.     International Amusements is not and has never been an alter ego of IAR Liechtenstein.

22.     International Amusements was not acting as an agent of IAR

Liechtenstein when it entered into the MIPA.

23. IAR Liechtenstein is not an intended third-party beneficiary of the MIPA and has never sought or claimed any benefits of the MIPA. In fact, Section 3.7 of the MIPA specifically states that Polercoaster's "Clients are the only third party beneficiaries of this Agreement." Section 6 of the MIPA reinforces this point, stating that "[e]xcept as set forth herein, there are no third party beneficiaries of this Agreement."

C. **Defendants' Demand for Arbitration**

24. On March 24, 2020, Defendants purported to commence an arbitration between themselves on the one hand, and International Amusements and IAR Liechtenstein on the other hand, by submitting to the AAA a written Demand for Arbitration (the "AAA Arbitration").

25. In their arbitration demand, Defendants allege that IAR Liechtenstein violated provisions of the CNDA, yet appear to rely on the MIPA's arbitration provisions (section 12.5) as the contractual basis for their demand that IAR Liechtenstein be required to defend itself in the AAA arbitration. Defendants' AAA Demand for Arbitration is attached to this complaint as Exhibit C.

26. The Demand relates to an amusement ride project that IAR Liechtenstein was engaged to design, engineer, fabricate and construct in Dubai, U.A.E. The Demand alleges, *inter alia*, that IAR Liechtenstein violated the

CNDA and that that International Amusements violated the MIPA by using and disclosing Defendants' intellectual property to create products similar to those offered by Defendants.

27. Based on these allegations, the Demand asserts eight purported causes of action for (i) breach of the CNDA, (ii) breach of the MIPA, (iii) violation of Florida's Deceptive and Unfair Trade Practices Act, (iv) tortious interference with an advantageous business relationship, (v) breach of an implied in fact contract, (vi) breach of implied in law contract, (vii) misappropriation of trade secrets in violation of Florida's Uniform Trade Secrets Act, and (viii) copyright infringement in violation of 17 U.S.C. § 501.

28. Non-party International Amusements and IAR Liechtenstein deny the allegations in the Demand. IAR Liechtenstein further denies that it can be made a party to the arbitration because there is no arbitration agreement between it and any of the Claimants (who are the Defendants here).

29. IAR Liechtenstein is not a party to the MIPA or otherwise bound by any of its provisions, has not voluntarily participated in the AAA Arbitration and objects to being subjected to claims in arbitration.

30. The CNDA does not contain an arbitration provision and IAR Liechtenstein never entered into an agreement with either Polercoaster, USTR or Kitchen that contains an arbitration provision. Defendants' attempt to assert

claims against IAR Liechtenstein in the AAA Arbitration purportedly arising under the CNDA is unlawful because the CNDA does not contain an arbitration provision and IAR Liechtenstein is not a party to the MIPA or otherwise bound by its arbitration provision. The fact that the CNDA does not contain an arbitration provision and the fact that IAR Liechtenstein is not a signatory to the MIPA or otherwise subject to the AAA Arbitration supports the relief it seeks herein.

## FIRST CLAIM FOR RELIEF

**[Declaratory Judgment Pursuant to 28 U.S.C. § 2201]**

31. IAR Liechtenstein hereby repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

32. An actual and justiciable controversy exists between IAR Liechtenstein and Defendants concerning the question of whether IAR Liechtenstein is bound by the MIPA's arbitration provision and whether the CNDA contains any agreement by IAR Liechtenstein to arbitrate disputes with Defendants arising under the CNDA.

33. As set forth above, IAR Liechtenstein is not required to arbitrate with Defendants because, *inter alia*:

    a. Corporations have jury trial rights, whereas arbitration is a matter of contract and informed consent, but there is no arbitration agreement between IAR Liechtenstein and

        Defendants.  IAR Liechtenstein did not agree to any arbitration with Polercoaster, USTR or Kitchen.  IAR Liechtenstein is not willing to stipulate, agree, consent or participate in arbitration with Defendants.

    b.    The MIPA, which contains the only arbitration provision Defendants appear to rely on, is between Polercoaster and International Amusements only.  The MIPA's choice of law clause provides that it "shall be governed by and construed in accordance with the laws of the State of Florida."

    c.    The CNDA does not contain an arbitration provision.

    d.    Under Florida law, arbitration cannot be compelled in the absence of an agreement to arbitrate, and arbitrations cannot be instituted against related corporate entities solely on the basis of an ownership interest or the fact that the contract in question generates income that ultimately flows to the non-signatory.

34.    By naming IAR Liechtenstein as a respondent in the AAA Arbitration, Defendants seek to force IAR Liechtenstein to participate in an arbitration that it never agreed to and by law cannot be compelled to participate in or be bound by.

35. Because IAR Liechtenstein is not a signatory to the MIPA and because the CNDA does not contain an arbitration provision, IAR Liechtenstein is entitled to a judicial declaration that it is not required to respond to or participate in the AAA Arbitration and that the AAA has no jurisdiction over IAR Liechtenstein in connection with the AAA Arbitration.

## SECOND CLAIM FOR RELIEF

### [Injunctive Relief Pursuant to 28 U.S.C. § 2201]

36. IAR Liechtenstein hereby repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35, inclusive.

37. There is between the parties an actual controversy as to the arbitrability of Defendants' claims against IAR Liechtenstein, as set forth above.

38. IAR Liechtenstein is entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of an injunction barring Defendants from continuing to pursue any claims in the AAA Arbitration against IAR Liechtenstein. IAR Liechtenstein did not agree to, and neither the CNDA nor the MIPA authorizes the arbitration of disputes between Defendants and IAR Liechtenstein.

39. IAR Liechtenstein meets all of the requirements for issuance of injunctive relief:

    a. IAR Liechtenstein is entitled to prevail on the merits of its

claim that Defendants may not pursue their AAA Arbitration against it;

b. IAR Liechtenstein would be irreparably injured if the AAA Arbitration proceeds against it;

c. The threatened harm to IAR Liechtenstein outweighs any potential harm to Defendants; and

d. The requested injunction would not be adverse to the public interest.

40. IAR Liechtenstein has no plain, adequate, or complete remedy to redress the wrongs complained of other than this action.  Any other remedy to which IAR Liechtenstein could be remitted would be attended by such uncertainties and delays as to deny substantial relief and cause further irreparable injury, damage and inconvenience to IAR Liechtenstein.

41. IAR Liechtenstein is entitled to an injunction barring Defendants from pursuing any claims in the AAA Arbitration against IAR Liechtenstein based on the MIPA and directing them to dismiss IAR Liechtenstein from the AAA Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, IAR Liechtenstein respectfully requests that this Court grant it the following relief:

    a.    That the Court enter a declaratory judgment against Defendants finding that they have no enforceable agreement to require IAR Liechtenstein to participate or otherwise be bound by the AAA Arbitration;

    b.    That the Court enter an order enjoining Defendants from pursuing the AAA Arbitration against IAR Liechtenstein;

    c.    That the Court enter a monetary award against Defendants and in favor of IAR Liechtenstein in an amount equal to IAR Liechtenstein's reasonable attorneys' fees and costs incurred in this action pursuant to the prevailing party attorney's fees provision of the CNDA;

    d.    That the Court enter an award against Defendants of IAR Liechtenstein's recoverable litigation costs pursuant to Federal Rule of Civil Procedure 54(d)(1); and

    e.    That the Court award such other relief to IAR Liechtenstein as it deems just and proper.

                          Respectfully submitted,

DATED:  April 24, 2020

                          _____
                          Gerald E. Hawxhurst – Trial Counsel
                          (*pro hac vice* forthcoming)
                          Texas State Bar No. 24090636
                          HAWXHURST HARRIS LLP

        1301 S. Capital of Texas Hwy
        Building C, Suite 300
        Austin, Texas 78746
        Tel: (512) 522-4995
        Fax: (512) 522-4961
        jerry@hawxhurstllp.com

*Attorneys for Plaintiff Intamin Amusement Rides Int. Corp. Est.*

DATED:  April 24, 2020

/s/ Elizabeth Lee Beck
By: Elizabeth Lee Beck

**BECK & LEE TRIAL LAWYERS**
JARED H. BECK
Florida Bar No. 20695
ELIZABETH LEE BECK
Florida Bar No. 20697
VICTOR ARCA
Florida Bar No. 1014225
Corporate Park at Kendall
12485 SW 137th Ave., Suite 205
Miami, Florida 33186
Telephone:  (305) 234-2060
Facsimile:   (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com
victor@beckandlee.com

*Attorneys for Plaintiff Intamin Amusement Rides Int. Corp. Est.*