# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

INTAMIN AMUSEMENTS
RIDES INT. CORP. EST.,

      CASE NO. 6:20-cv-00713-CEM-DCI

    Plaintiff,

vs.

US THRILLRIDES, LLC AND
POLERCOASTER, LLC,

    Defendants.
_____/

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendants, US THRILLRIDES, LLC ("USTR") and POLERCOASTER, LLC ("Polercoaster") (collectively "Defendants"), answer the Complaint filed by Plaintiff, INTAMIN AMUSEMENTS RIDES INT. CORP. EST. ("Intamin Amusements"), allege affirmative defenses, assert a counterclaim, and state as follows:

1. Admitted.

2. Admitted.

3. Admitted that Intamin Amusements is a foreign corporation; otherwise denied.

4. Admitted for jurisdictional purposes.

5. Admitted.

6. Admitted.

7. Admitted that on January 15, 2015, Defendants and Intamin Amusements entered into a Confidentiality and Non-Disclosure Agreement and that Exhibit A to the Complaint speaks for itself; otherwise denied.

8. Admitted that Exhibit A to the Complaint speaks for itself; otherwise denied.

9. Admitted that Exhibit A to the Complaint speaks for itself; otherwise denied.

10. Admitted that Exhibit A to the Complaint speaks for itself; otherwise denied.

11. Denied.

12. Admitted that non-party International Amusements LLC d/b/a International Amusements Inc. ("International Amusements") is a Texas limited liability company; otherwise denied.

13. Admitted that Polercoaster and International Amusements executed a Polercoaster Master Intellectual Property Agreement on May 28, 2015 and that Exhibit B to the Complaint speaks for itself; otherwise denied.

14. Admitted that Exhibit B to the Complaint speaks for itself; otherwise denied.

15. Admitted that Exhibit B to the Complaint speaks for itself; otherwise denied.

16. Denied.

17. Admitted that Exhibit B to the Complaint speaks for itself; otherwise denied.

18. Admitted that Exhibit B to the Complaint speaks for itself; otherwise denied.

19. Admitted that Intamin Amusements itself is not a signatory to the MIPA' otherwise denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Defendants filed a Demand for Arbitration and Statement of Claim against Intamin Amusements and International Amusements on March 24, 2020 with the American Arbitration Association.

25. Admitted that Exhibit C (the "Demand for Arbitration") to the Complaint speaks for itself; otherwise denied.

26. Admitted that the Demand for Arbitration speaks for itself; otherwise denied.

27. Admitted that the Demand for Arbitration speaks for itself; otherwise denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT I- DECLARATORY JUDGMENT

31. Defendants reallege and incorporate their responses to the allegations set forth in paragraphs 1 through 30 as if fully set forth herein.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

## COUNT II- INJUNCTIVE RELIEF

36. Defendants reallege and incorporate their responses to the allegations set forth in paragraphs 1 through 35 as if fully set forth herein.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not expressly admitted in this Answer.

## ATTORNEYS' FEES

Defendants have retained counsel and are obligated to pay reasonable attorneys' fees for their services. Defendants request an award of attorneys' fees under the CNDA, the MIPA, or as otherwise allowable under the law.

## AFFIRMATIVE DEFENSES

### First Defense - Estoppel

Intamin Amusements claims are barred by the doctrine of estoppel because, among other things, (a) the substantive claims between the parties are based on a contract that contains an arbitration clause and (b) Defendants' claims brought in the arbitration allege interdependent and concerted misconduct by both a non-signatory and a signatory to a contract containing an arbitration clause

### Second Defense - Agency

Intamin Amusements' claims are barred by the doctrine of agency. Intamin Amusements is bound by an arbitration agreement International Amusements executed as an agent of Intamin Amusements.

### Third Defense - Alter Ego

Intamin Amusements' claims are barred by the doctrine of alter-ego. Intamin Amusements is bound by the arbitration agreement International Amusements executed because while Intamin Amusements and International Amusements may purport to be different entities, they operate as one business known as Intamin and are effectively alter egos of each other.

### Fourth Defense – Permitted Allowed Assignee

Intamin Amusements' claims are barred because, upon information and belief, it is bound by an arbitration agreement as a permitted allowed assignee of duties under the agreement.

### Fifth Defense- Third Party Beneficiary

Intamin Amusements' claims are barred because Intamin Amusements is an intended third-party beneficiary of the MIPA, and sought and claimed benefits of the MIPA.

WHEREFORE, having answered the Complaint and having asserted the foregoing affirmative defenses, Defendants respectfully requests that judgment be entered in favor of Defendants and against Intamin Amusements, that Intamin Amusements be compelled to participate in the pending AAA arbitration proceeding, and for any further relief that is just and proper, including costs, interest, and attorneys' fees.

## COUNTERCLAIM

Defendants, US THRILLRIDES, LLC ("USTR") and POLERCOASTER, LLC ("Polercoaster") (collectively "Defendants"), counterclaim and demand judgment against Plaintiff, INTAMIN AMUSEMENTS RIDES INT. CORP. EST. ("Intamin Amusements"), and allege as follows:

### FACTUAL BACKGROUND & GENERAL ALLEGATIONS

1. USTR is a Florida limited liability company with its principal place of business in Orange County, Florida. USTR is a world leader and innovator in the design, development, and manufacturing of amusement attractions, delivering attractions and thrill rides all over the world.

2. Polercoaster, LLC is a Florida limited liability company with its principal place of business in Orange County, Florida. Polercoaster, LLC is an affiliate of USTR.

3. Intamin Amusements is a foreign corporation headquartered in Liechtenstein that has conducted business with Defendants in Florida and elsewhere in the United States.

4. Non-party, International Amusements, Inc. ("International Amusements") is a Texas limited liability company headquartered in Texas that has conducted business with Defendants in Florida and elsewhere in the United States.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 (a). Intamin Amusements is a foreign entity and Defendants are Florida citizens. The amount in controversy in the underlying dispute exceeds, exclusive of interest and costs, the sum or value of $75,000.

6. Venue is proper in this Court because Intamin Amusements has filed a Complaint in this Court against Defendants.

7. While Intamin Amusements and International Amusements may purport to be different entities, they operate as one business known as Intamin and are effectively alter egos of each other. Among other things:

    a. International Amusements is listed on the Intamin Amusements website as one of Intamin Amusements' offices.

    b. International Amusements holds itself out to the public as working in cooperation with Intamin Amusements.

    c. International Amusements functions as Intamin Amusements' agent in the U.S.

    d. Both companies operate out of the same trade show booths and hold themselves out to the public as "Intamin" at trade shows.

    e. Both companies effectively share officers and employees, who travel together and work together on projects as "Intamin," including in meetings with USTR on several occasions.

8. Among other things, representatives of Intamin Amusements traveled to Florida on numerous occasions to:

    a. meet with Defendants about business opportunities;

    b. make presentations to Defendants and Defendants' clients;

    c. negotiate opportunities with Defendants and Defendants' clients; and

    d. to attend trade shows in Florida.

9. As set forth below, International Amusements, as agent, affiliate, alter-ego, and/or assignor of Intamin Amusements agreed to arbitrate any disputes in Orlando, Florida.

10. As part of Defendants' business model for protecting their IP Rights and business relationships, Defendants required Intamin Amusements to execute certain agreements prior to introducing Intamin Amusements to clients.

11. On January 15, 2015, USTR, Polercoaster, and Intamin Amusements entered into a Confidentiality and Non-Disclosure Agreement (the "Agreement 1"). A copy of Agreement 1 is attached to the Statement of Claim, which is Exhibit C to Intamin Amusements' Complaint.

12. Agreement 1 provides that it is governed by Florida law.

13. To further document the relationship, Polercoaster, and International Amusements executed a Polercoaster Master Intellectual Property Agreement on May 28, 2015 ("Agreement 2")(Agreement 1 and Agreement 2, the "Agreements"). A copy of Agreement 2 is also attached to the Statement of Claim, which is Exhibit C to Intamin Amusements' Complaint.

14. International Amusements executed Agreement 2 on its own behalf and as an agent of Intamin Amusements.

15. Agreement 2 made International Amusements responsible for the actions of various other parties and expressly liable for any losses or damages caused by such parties. Specifically, International Amusements was responsible for any of its affiliates, any of its vendors, and all other persons working with it. International Amusements was even required to make all such parties agree, in writing, to be bound by certain restrictive provisions of Agreement 2.

16. In addition to the fact that Intamin Amusements and International Amusements are alter egos of each other, Intamin Amusements is an affiliate of International Amusements, a vender of International Amusements (specifically named in Agreement 2), a person involved in performing Polercoaster services with International Amusements, and a permitted allowed assignee bound by Agreement 2.

17. Agreement 2 provides that it is governed by Florida law and requires that any disputes be arbitrated in Orlando, Florida under the Commercial Arbitration Rules of the American Arbitration Association, waiving any objections to jurisdiction or venue anywhere else.

18. As a result, Defendants commenced arbitration against both Intamin Amusements and International Amusements with the American Arbitration Association on March 24, 2020, as fully set forth in the Statement of Claim that is Exhibit C to Intamin Amusements' Complaint.

19. On April 27, 2020, Intamin Amusements and International Amusements filed their answer and affirmative defenses.

20. On May 1, 2020, Defendants were served with Intamin Amusements' Complaint filed in this Court.

21. All conditions precedent to the institution of this action have been performed, excused, or waived.

## COUNT I- DECLARATORY JUDGMENT

22. Defendants reallege and incorporate by reference the allegations contained in paragraphs 1 through 21 of this Counterclaim.

23. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

24. There is an actual and justiciable controversy wherein there is a bona fide and actual need for a declaration as to Defendants rights to pursue its claims against Intamin Amusements in arbitration.

25. As set forth above, Intamin Amusements is bound by a valid arbitration agreement and is required to arbitrate with Defendants due to one or more of the following:

    a. Intamin Amusements and International Amusements operate as one business known as "Intamin," and are effectively alter egos of each other;

    b. International Amusements executed Agreement 2 as an agent and alter ego of Intamin Amusements;

    c. Intamin Amusements is an affiliate of International Amusements;

    d. Intamin Amusements is a vender of International Amusements (specifically named in Agreement 2);

    e. Intamin Amusements is involved in performing Polercoaster services with International Amusements; and

    f. Intamin Amusements is a permitted allowed assignee bound by Agreement 2.

26. Agreement 2 requires that any disputes be arbitrated in Orlando, Florida under the Commercial Arbitration Rules of the American Arbitration Association, waiving any objections to jurisdiction or venue anywhere else.

WHEREFORE, Defendants respectfully request the Court enter a final declaratory judgment as follows:

    a. Declaring, ordering, and adjudging that Intamin Amusements is bound by the arbitration agreement set forth in the MIPA;

    b. Declaring, ordering, and adjudging that Intamin Amusements is required to participate or otherwise be bound by the AAA Arbitration that Defendants commenced on March 24, 2020;

    c.    Awarding Defendants attorneys' fees and costs against Intamin Amusements under the contracts at issue and pursuant to Federal Rule of Civil Procedure 54(d)(1); and

    d.    Awarding any such other relief as may be just and equitable.

Dated: May 22, 2020

                                                           **MORGAN & MORGAN, P.A.**
                                                           **Business Trial Group**

                                                           */s/ Benjamin A. Webster*
                                                           **Benjamin A. Webster**
                                                           Florida Bar No. 0045167
                                                           **David F. Tamaroff**
                                                           Florida Bar No. 0092804
                                                           **Cari A. Whitmire**
                                                           Florida Bar No. 1015584
                                                          20 N. Orange Ave, Suite 1600
                                                          Orlando, Florida 32801
                                                          Telephone: (407) 420-1414
                                                          Facsimile: (407) 245-3337
                                                          BWebster@forthepeople.com
                                                          DTamaroff@forthepeople.com
                                                          CWhitmire@forthepeople.com
                                                          *Trial Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of May, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Benjamin A. Webster
Benjamin A. Webster