**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

INTAMIN AMUSEMENTS
RIDES INT. CORP. EST.

    Plaintiff,

v.                                                        Civil Action No. 6:20-cv-00713 CEM-DCI

US THRILLRIDES, LLC and
POLERCOASTER, LLC

    Defendant,
_____/

**OBJECTION TO, OR IN THE ALTERNATIVE MOTION TO
QUASH OR MODIFY, THIRD-PARTY SUBPOENA *DUCES
TECUM* SERVED ON SKYPLEX OWNERSHIP COMPANY, LLC
WITH INCORPORATED SUPPORTING MEMORANDUM**

    COMES NOW, SKYPLEX OWNERSHIP COMPANY, LLC, ("SKYPLEX") and hereby objects to the December 17, 2020 Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in Civil Action (the "Subpoena"), and in support of its objection, or in the alternative motion to quash or modify, states as follows:

    1.    SKYPLEX objects to this request on the grounds that it places on an undue burden on a non-party to produce documents that should be in the possession of a party to the litigation.

    2.    SKYPLEX objects to this request to the extent it seeks information containing and/or reflecting SKYPLEX's and/or third parties' trade secrets, confidential information or other proprietary or competitively sensitive business information.

    3.    SKYPLEX objects to this request to the extent it would require SKYPLEX to violate Paragraph 12.2 of the "Contract [for] Design, Engineering, Material Procurement" between

1

it and IAI regarding the Orlando Polercoaster which states that "SKY shall not pass any documents to third parties which would enable such third parties to make commercial use of such documents."

4.     SKYPLEX objects to this request on the grounds that it seeks discovery outside the scope of <u>Federal Rule of Civil Procedure</u> 26(b), which limits discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case." Specifically, this request seeks information that appears directed to issues involved in the parties' underlying arbitration rather than the issues involved in the federal action that the subpoena relates to.

5.     SKYPLEX objects to this request on the grounds that it seeks discovery outside the scope of Federal Rule of Civil Procedure 26(b), which limits discovery to matters "relevant to any party's claim or defense and proportional to the needs of the case." Specifically, as written, this request seeks documents relating to the actual design, engineering and manufacture of the project but such information does not appear relevant to any party's claim or defense in the federal action based on the complaint and answer attached as exhibits to the subpoena.

6.     SKYPLEX objects to this request on the grounds that it is vague and ambiguous, particularly as to the terms/phrases "effectively alter egos of each other", "supporting the contention", and "supporting the allegation."

7.     SKYPLEX objects to this request on the grounds that it is unduly burdensome and not proportional to the needs of the case because it is not limited by any temporal restriction and therefore seeks responsive documents from any time in the past up to the present without regard for whether such documents are relevant to the issues being litigated in the federal action.

8.     SKYPLEX objects to this request to the extent it calls for a legal conclusion with respect to whether: (a) some entity was the agent of another; (b) some entity was a third-party

beneficiary to an agreement; (c) an alter ego relationship existed between two entities; (d) some entity was a permitted or allowed assignee to a contract.

9. SKYPLEX objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege or work-product doctrines.

10. SKYPLEX objects to this request as violative of Rule 45(c)(2), Federal Rules of Civil Procedure, as its business location and offices are in New York, and the subpoena on its face requires production in Orlando, Florida, which is not within 100 miles of where SKYPLEX is located.

## **SUPPORTING MEMORANDUM**

It appears from the pleadings that this civil action involves a dispute between Defendants US THRILLRIDES, LLC and POLERCOASTER, LLC and Plaintiff INTAMIN AMUSEMENTS RIDES INT. CORP. EST. which first arose in the context of an arbitration demand filed with the American Arbitration Association (See Exhibit C to the First Amended Complaint, Doc. 27). Based on the First Amended Complaint in this action, the relief sought by Plaintiff is to enjoin Defendants from pursuing their arbitration claim against IAR Liechtenstein on grounds that IAR Liechtenstein is not a party to any contract requiring or providing for arbitration. (See First Amended Complaint.)   It further appears that the underlying facts generating the dispute relate to "an amusement ride project that IAR Liechtenstein was engaged to design, engineer, fabricate and construct in Dubai, U.A.E." (See First Amended Complaint at ¶ 26.)   SKYPLEX is not a party to the arbitration proceeding or this civil action, and is not a party to any of the agreements upon which the claims are based in either.

The parties to this dispute (or related parties thereto) and SKYPLEX are involved in a

business relationship generally related to the proposed construction of amusement rides in Orange County, Florida, and in Atlantic City, New Jersey, but those proposed projects are unrelated to the matters alleged in the arbitration demand or the First Amended Complaint, and there are no allegations regarding the Florida or New Jersey projects in either.

The Subpoena seeks thirty-one (31) categories of information from SKYPLEX, which can be categorized as follows:

Requests 1 through 8: Documents detailing the entire private (and irrelevant to this matter) business relationship between SKYPLEX and Plaintiff (including Plaintiff's affiliate International Amusements, Inc. ("IAI")).

Requests 9 through 19: Documents detailing the legal relationship and control between Plaintiff and IAI; and documents supporting contentions made by Intamin in pleadings – contentions that SKYPLEX had nothing to do with and for which SKYPLEX does not know the basis.

Requests 20 through 22: Documents related to a contract between IAI and SKYPLEX which is not related to the dispute in this case and involves private contractual matters between those parties; as well as a "contention" request for contentions made by a party other than SKYPLEX that SKYPLEX had nothing to do with and for which SKYPLEX does not know the basis.

Requests 23 through 25: Documents, including "contention" requests, regarding a contract between Polercoaster and IAI to which SKYPLEX is not a party.

Requests 26 through 30: Documents specifically asking for communications and payments related to the relationship between SKYPLEX and IAI or Intamin that are not limited to the Dubai

4

matters and would appear to have nothing whatsoever to do with the dispute in this case, but are private and confidential commercial documents.

Request 31: Another "contention" document asking SKYPLEX to produce documents supporting a contention made by a third party in this litigation, which contention SKYPLEX had nothing to do with and for which SKYPLEX does not know the basis.

Federal Rule of Civil Procedure 45(d)(3)(B)(i) "gives the district court the authority to quash a subpoena that would require the disclosure of trade secrets and other confidential information," including, without limitation, confidential research, development, or commercial information. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1336 (11th Cir. 2020). Under the circumstances of this matter, the Subpoena also is an "undue burden" on SKYPLEX under Rule 45, and the following analysis should apply:

> The undue burden analysis requires the court to "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." 9A Wright & Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2019). *See also Virginia Dep't of Corr.*, 2017 U.S. Dist. LEXIS 183014, 2017 WL 5075252, at *5, *10 (applying the undue burden analysis). Several factors have been identified as pertinent to the analysis, including the "relevance of the information requested" to the underlying litigation and the "burden [that would be] imposed" by producing it. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The status of the subpoena recipient as a non-party is also a factor that can weigh [**36] against disclosure in the undue burden inquiry. *See id.* ("[I]f the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.")

*Jordan*, 947 F.3d at 1337.

Because SKYPLEX is a non-party both to this litigation and to the agreements and issues in this matter which involves whether to apply an arbitration agreement to other parties, because the Subpoena requests private and confidential information of SKYPLEX, because the Subpoena asks SKYPLEX to produce documents supporting positions taken

by parties other than SKYPLEX, and for all the reasons set forth above, the Court should quash the Subpoena.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished this 19th day of January, 2021, to **David Tamaroff,** 703 Waterford Way Street, Suite 1050, Miami, FL 33126; (dtamaroff@forthepeople.com); **Gerald E. Hawzhurst**, Hawxhurst Harris LLP, 1301 S. Capital of Texas Hwy, Building C, Suite 300, Austin, Texas 78746 (jerry@hawxhurstllp.com); **Jared H. Beck**, (jared@beckandlee.com); **Elizabeth Lee Beck**, (elizabeth@beckandlee.com); **Victor Arca**, (victor@beckandlee.com); Beck & Lee Trial Lawyers, 12485 SW 137yh Ave., Suite205, Miami, Florida 33186 and **Benjamin A. Webster** (BWebster@forthpeople.com); **David F. Tamaroff** (DTamaroff@forthepeople.com); **Cari A. Whitmire**, (CWhitmire@forthepeople.com); Morgan & Morgan, P.A., 20 N. Orange Avenue, Suite 1600, Orlando, Florida 32801.

                                              */s/ James Edward Cheek, III*
                                              JAMES EDWARD CHEEK, III
                                              Florida Bar No. 776866
                                              tcheek@whww.com
                                              WINDERWEEDLE, HAINES, WARD
                                                 & WOODMAN, P.A.
                                              Post Office Box 880
                                              Winter Park, FL 32790-0880
                                              (407) 423-4246
                                              (407) 423-7014 (facsimile)
                                              Attorneys for Skyplex Ownership Company, LLC